```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------x
MICHAEL JOHN VONDETTE,
  R 50936-198
  3901 Klein Blvd         Plaintiff,
  Lompoc CA 93436
          -vs-

FEDERAL BUREAU OF INVESTIGATION,
R. MUELLER, Director; and J. ASHCROFT
U.S. Attorney General,
                          Defendants.
------------------------------------x
```

FILED
APR 26 2004
NANCY MAYER WHITTINGTON, CLERK

CASE NUMBER 1:04CV00665
JUDGE: Unassigned
DECK TYPE: FOIA/Privacy Act
DATE STAMP: **CASE RE-ASSIGNED**
Complaint   JUN 28 2004
TO: KESSLER, J.

PLEASE TAKE NOTICE that Michael Vondette, plaintiff pro se in the above captioned action (hereinafter ("Plaintiff")), brings the herein litigation against the Federal Bureau of Investigation ("FBI"), Director R. Mueller; and J. Ashcroft, United States Attorney General for the violation of Plaintiff's rights as protected under the United States Constitution [i.e. due process], and the laws of the United States.

## JURISDICTION

This honorable court has jurisdiction over this action pursuant to the "Privacy Act" 5 U.S.C. §552a et seq [originally at Pub.L. 93-579, Dec. 31, 1974, 88 Stat. 1896 (5§552a)]; a "Federal question" at 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §1346 "United States as Defendant"; and 28 U.S.C. **§534**, "Acquisition, preservation, and exchange of identification records and information;" (see e.g. §534(e)(3)(A) defining the National Crime Information Center ("NCIC")).

## COMPLAINT

The FBI, pursuant to the foregoing statutes, is bound to maintain accurate, reliable, and factually correct information within its NCIC data-base; to ensure that Plaintiff suffer no harm, embarrassment, inconvenience, or unfairness [and] the FBI has failed to do so.

-1-

## LITIGATION OVERVIEW AND HISTORY

In August 2003, Plaintiff submitted a request pursuant to the Freedom of Information Act [and] Privacy Act ("FOIA/PA") to the FBI for a copy of Plaintiff's NCIC-report (i.e. "rap-sheet", or "arrest-record"), in order to address and correct the erroneous information contained therein; [and] appealed their "denial of access" on December 19, 2003. (see, Exhibit A).

Around October 2003, Plaintiff submitted to the FBI Section Chief, Identification and Investigative Services Section, a written request for his NCIC report (i.e. complete "arrest-record").

On December 19, 2003, and again on February 11, 2004, Plaintiff, in a good faith effort, re-requested from the FBI Identification and Investigative Services Section Chief, a copy of his erroneous NCIC report [and] further provided "fair notice" regarding the within "exhaustion" of his "administrative remedies". (see, Exhibit B)

On February 25, 2004, the Office of Information and Privacy denied Plaintiff's Appeal [and] advised Plaintiff he may seek judicial review in accordance with 5 U.S.C. §552(a)(4)(B). (see, Exhibit C)

In March 2004, the FBI Section Chief, Identification and Investigative Services responded, again, that they would not be providing the Plaintiff with a copy of his NCIC-report in spite of his request.

## ARGUMENT WITH MEMORANDUM OF LAW

Based upon the foregoing history it is clear that Plaintiff has provided more than sufficient certifications, information, and data to verify his identity; together with ample notice that the NCIC-report is inaccurate -- and yet, the defendant has both refused and failed to fulfill their legal obligation incumbent upon them pursuant to governing United States law(s).

The defendant (FBI) is including erroneous and factually inaccurate information within their NCIC-report, including, but not limited to arrests that never occurred (1976); misdemeanors that were dismissed (1980), or where Plaintiff was found not-guilty.

Thus the defendant has improperly disseminated criminal and other data/information pertaining to Plaintiff without making the requisite "reasonable efforts" to assure that such data/info was accurate, complete, and factual; [and] further failed to establish appropriate technical, administrative, and physical safeguards to ensure the security, accuracy, and confidentiality of said records. Moreover, defendant failed to protect against any anticipated use of this data/info which could result in harm, embarrassment, inconvenience, or unfairness to the Plaintiff. See, 5 U.S.C. §552a et seq; 28 U.S.C. §534(4).

Defendant, on and before the date of this action, acquired, collected, classified, and preserved data/info on the Plaintiff via the NCIC, under the direction of defendant U.S. Attorney General that was, and is inaccurate, incomplete, and or false [and] submitted or disseminated the erroneous data to other officials and or Agencies of the Federal Government -- in violation of the foregoing federal statutes.

This unlawful dissemination subjected Plaintiff to arbitrary and prejudicial interference with his original criminal defense, and subsequent on-going incarceration. Plaintiff's Constitutional rights of due process, privacy, and presumption of innocence, as protected within the First, Fourth, Fifth, and Fourteenth Amendment(s) are clearly implicated.

The defendants violated the minimal definition of responsibility for maintaining criminal files and data; and further violated their corollary responsibility by invading Plaintiff's protected privacy rights.

The FBI via its NCIC, as an organ of the National Government, has a commensurate responsibility to vigilantly support and defend the U.S. Constitution, and cannot interpret 28 U.S.C. §534 in a manner inconsistent with its written responsibility; wherein §534 is designed to prevent government dissemination of inaccurate criminal data/info without reasonable precautions to ensure their accuracy; see also 5 U.S.C. §552a(d)(2)(B)(i) and (ii). Indeed, at §552a(d)(2)(B)(i) the statute clearly states that the FBI must:

> "make any corrections of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or"

which the defendants here have clearly failed to do.

Plaintiff has a lawful right to have accurate data/info safeguarded against legal and or governmental abuse and misuse via efforts of the defendants. The defendants, at this time, are maintaining false, inaccurate, and prejudicial data within their files, records, reports, and data-bases.

Moreover, the mere placing of a "disclaimer notice", or a comment, or even an addendum to the NCIC does not give the FBI, nor other Federal Agencies the authority to violate the laws of the United States. Indeed, nowhere, and at no time, has the U.S. Congress granted authorization for the defendants to disseminate inaccurate, incomplete, and or false data/info throughout the law-enforcement community. Where, as here, the defendants have done just that, [and] caused an egregious personal and legal injury to the Plaintiff.

The Federal Courts are empowered to order the expungement and or correction of government records to uphold the rights secured by the U.S. Constitution, or by the Privacy Act statutes; see, Chastain v. Kelley, 510 F.2d 1232 (D.C. Cir 1975).

The FBI (NCIC) records stated and alleged to be inaccurate were not compiled specifically for purposes of a criminal investigation, and thus no Privacy Act exemption exists to either withhold them, or refuse to correct and or expunge them; see, Patterson v. FBI, 893 F.2d 595 (3rd Cir 1989). Moreover, NCIC-reports (i.e. "arrest record", or "rap-sheet") is not exempt within the Privacy Act pursuant to FBI Systems - Limited Access, 28 C.F.R. §1696(p)(1)(2000).

The defendants, pursuant to §552a(d), upon receiving a request to amend and or expunge an allegedly inaccurate record; the Agency must promptly correct the record or furnish a reason for not doing so -- here, the Agency (FBI) both failed and refused to do either. Moreover, per OMB Privacy Act Guidelines, 40 Fed.Reg. 28,948, 28,964 (1975)(subsection (e)(5), "places the emphasis on assuring the quality of the record in terms of the use of the record in making decisions affecting the rights, benefits, entitlements, or opportunities .... of the individual."); cf. Buxton v. U.S. Parole Comm, 844 F.Supp. 642 (D.Or. 1994).

Here, the use of the FBI's inaccurate and fallacious NCIC-report based data was indeed used [by the U.S. District Court judge] in making a determination affecting Plaintiff's "rights, benefits, entitlements, or opportunities." [to wit, a life-sentence for a marijuana conspiracy].

Furthermore, the courts have held that subsection (g)(1)(c) of §552a, in addition to the potential civil remedy for a violation of subsection (g)(5):

> "also creates a civil remedy when the agency maintains a challenged record that is the basis for an adverse determination made by another party."

see, Dickson v. OPM, 828 F.2d 32 (D.C. Cir 1987); Doe v. FBI, 936 F.2d 1346 (D.C. Cir 1991).

Thus, the record clearly indicates that the Plaintiff has indeed been "harmed" by the actions [and] inaction of the defendants. Moreover, the courts have established a low modesto standard to establish "harm", whereby, for example "emotional distress" can satisfy the standard. Per se "harm" involving pecuniary, economic, or 'special' damages are not required under the Privacy Act to show an "adverse effect", see, Rice v. United States, 2002 WL 31682360 (D.C. 2002).

Here, even the remotest possibility that the district court judge considered the FBI's inaccurate record in determining his sentence is sufficient to establish an "adverse determination"; as would any possible future law-enforcement evaluations based upon the false NCIC record. see, e.g., Houlihan v. O.P.M., 909 F.2d 383 (9th Cir 1990); Harper v. United States, 423 F.Supp. 192 (D.C.S.C. 1976).

### RELIEF AND POTENTIAL CIVIL REMEDY

Pursuant to §552a(g)(1) Civil remedies, "(W)henever any agency", here the defendants (FBI), (A) not amend an individual's record in accordance with his (Plaintiff) request, or fails to make a review; (B) refuses to comply with an individual request; (C) fails to maintain the record with accuracy, relevance, timeliness, and completeness to assure fairness; or (D) fails to comply with any other provision of this section that results in an adverse effect on an individual -- that "agency" may be liable for "actual damages sustained by the individual ....., but in no case shall a person entitled to recovery receive less than the sum of $1,000;".

There is a four(4) element requirement to establish "monetary" damages, to wit: 1) 'inaccurate records', wherein the "truth" is "clearly provable or relatively easily ascertainable"; 2) 'agency intent', with willful and or intentional refusal to properly correct their records;

3) 'proximate causation' wherein a causal connection exists between the false record and any "harm" suffered by Plaintiff; and 4) 'adverse determination', i.e. any decision that negatively "affects [an] Plaintiff's rights ...", see, Toolasprashad v. BOP, 286 F.3d 576 (D.C. Cir 2002); Deters v. U.S. Parole Comn., 85 F.3d 655 (D.C. Cir 1996).

In this case, the "agency" (i.e. defendant(s) FBI, et.al.) have clearly satisfied all four(4) of the elements required to satisfy a civil remedy in favor of the Plaintiff. To wit, the FBI's NCIC-report containing false and inaccurate information was considered by a U.S. district court in making an adverse determination for the Plaintiff, [and] the defendants have refused to correct the report, or even provide a copy to be corrected.

However, the Plaintiff is not asking for any "monetary" damages, but rather respectfully requests this Honorable court to grant the relief as follows;

1. DECLARATORY RELIEF -- declare that the defendants have violated the clearly established U.S. laws pertaining to the maintaining of factually and legally accurate criminal records on the Plaintiff (i.e. §552a et seq).

2. INJUNCTIVE RELIEF -- to enjoin defendants from continuing to maintain and or disseminate factually and legally inaccurate criminal records regarding the Plaintiff.

3. JUDICIAL REMEDY -- grant and order defendants to immediately expunge and remove from their records, files, and databases, all false, inaccurate, or incomplete information [and] to further remove any and all minor misdemeanors, arrests and anything outside the applicable 'statute of limitations'.

-- order defendants to contact any and all U.S. Federal, State, or 'foreign' government and/or law-enforcement agencies, groups, or individuals to whom they may have improperly disseminated the erroneous information [and] ensure that the false data has been deleted from all those involved.

-- any other relief that to this Honorable Court seems just.

-7-

**CONCLUSION**

Plaintiff has suffered discernible harm and injury, not merely personal distress, but a sustained cognizable personal and legal injury and prejudice due to the defendant's violation(s) of the Privacy Act.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the herein requested relief, and or any other such relief as the Court deems proper.

Dated: Lompoc, California
       April 7, 2004

Respectfully submitted,

Michael Vondette-Plaintiff pro se
3901 Klein Blvd., #50936198
USP-Lompoc, CA  93436-2706